IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER C. SMITH, III,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.                                                       No. 10-cv-536-DRH

MEMORANDUM AND ORDER

HERNDON, Chief Judge:

## I.  INTRODUCTION

Pending before the Court is petitioner Walter C. Smith, III's, motion titled, "59(E) Request" (Doc. 10). Petitioner asks that the Court reconsider the judgment entered against him on October 30, 2012, denying petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 9). Petitioner's Section 2255 motion raised seven separate claims for relief alleging issues either addressed on direct appeal of his criminal conviction, procedurally defaulted, or completely without merit. Instantly, petitioner meticulously recounts every claim he brought in his initial petition and re-alleges and expands upon the underlying factual bases of his rejected arguments. As petitioner has not presented grounds warranting reconsideration of this Court's judgment, his motion is **DENIED** (Doc. 10).

## II. LAW

Section 2255 generally permits a federal prisoner one round of collateral review. Successive motions require permission from the Seventh Circuit before this Court has jurisdiction to entertain them. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); *United States v. Carraway,* 478 F.3d 845, 849 (7th Cir. 2007). Thus, the Court must first determine whether it has jurisdiction to consider petitioner's pleading.

Petitioner requests that the Court reconsider its denial of his Section 2255 motion. The FEDERAL RULES OF CIVIL PROCEDURE do not expressly contemplate motions to "reconsider." However, the Seventh Circuit has held district courts should automatically consider motions challenging the merits of a district court order under Rule 59(e) or Rule 60(b). *See Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). The characterization of petitioner's motion as one brought pursuant to Rule 59(e) or Rule 60(b) is particularly important in the instant case. It appears in the Seventh Circuit that Rule 59(e) motions are not necessarily considered collateral attacks on judgment, while Rule 60(b) motions generally are considered successive collateral attacks. *Curry v. United States*, 307 F.3d 664, 665 (7th Cir. 2002). To this end, the Seventh Circuit stated in *Curry,*

> We must now decide, in considering this appeal from the denial of a Rule 59(e) motion, whether motions under that rule to alter or amend judgments are also affected by the statutory limitations on successive collateral attacks on criminal judgments . . . A Rule 60(b) motion is a collateral attack on a judgment, which is to say an effort to set aside a judgment that has become final through exhaustion of

> judicial remedies. A Rule 59(e) motion is not; filed as it must be within 10 days of the judgment, it suspends the time for appealing. Since such a motion does not seek collateral relief, it is not subject to the statutory limitations on such relief.

*Id.*

However, the Court notes slight reservation in proceeding pursuant to this language, as it appears this reasoning was not strictly necessary to the holding in *Curry.* The Seventh Circuit ultimately determined in *Curry* that the petitioner's motion was not in fact a Rule 59(e) motion, but a Rule 60(b) motion. *Id.* at 666. While petitioner titled the motion a Rule 59(e) motion and filed it within 10 days of the court's denial of his second motion to vacate sentence (the requisite time period under Rule 59(e) at that time), the Seventh Circuit determined it was not a Rule 59(e) motion. It did not attack the judgment entered 10 days earlier, but instead attacked an earlier habeas judgment. *Id.* Thus, the Seventh Circuit treated the motion as one pursuant to Rule 60(b) and accordingly subject to the restraints placed on successive motions to vacate. *Id.*; *see Dunlap v. Litscher,* 301 F.3d 873 (7th Cir. 2002). Nevertheless, the Court shall proceed under the assumption that the Seventh Circuit does not generally treat true Rule 59(e) motions as successive collateral attacks. *See Howard v. United States,* 533 F.3d 472, 475-76 (6th Cir. 2008) (Relying on reasoning of *Curry* in holding Rule 59(e) motions are not subject to the statutory limitations placed on successive attacks on criminal judgments). Thus, the Court must determine whether petitioner's motion is a true Rule 59(e) motion.

Instantly, petitioner filed his motion within 28 days of the entry of the challenged Order. *See* FED. R. CIV. P. 59(e) (stating, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment"). However, "whether a motion filed within [28] days of the entry of judgment should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it." *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008) (emphasis in original) (citing *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (holding, "the former approach-that no matter what their substance, all post-judgment motions filed within [28] days of judgment would be construed as Rule 59(e) motions no longer applies")). Petitioner's instant motion generally expands upon the factual bases underlying his seven rejected claims and argues the Court should reconsider its legal conclusions. Thus, as petitioner seeks to alter or amend (or reconsider or revise) the judgment, it is a Rule 59(e) motion. *See Curry*, 307 F.3d at 666.

Rule 59(e) motions allow a court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1989). However, relief pursuant to Rule 59(e) is an extraordinary remedy, as a motion pursuant to it solely,

> [A]llows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact, and enables the court to correct its own errors and thus avoid unnecessary appellate procedures. The rule does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment.

*Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996) (citations omitted). Thus, a Rule 59(e) motion serves three very limited purposes, as it applies only where there is: 1. newly discovered evidence; 2. an intervening change in the controlling law; or 3. a manifest error of law. *Cosgrove v. Bartolotta,* 150 F.3d 729, 732 (7th Cir. 1998).

### III.  APPLICATION

Instantly, petitioner has not presented new evidence, an intervening change in controlling law, or a manifest error of law. Thus, petitioner has not presented grounds warranting reconsideration of the Court's judgment of October 30, 2012.

### a. Ground One

As to petitioner's first ground for relief, he argued that false, sworn testimony formed the basis of the probable cause upon which search warrants of 1837 Arkansas Avenue were based. As the Seventh Circuit rejected this argument on direct appeal, the Court did not review petitioner's arguments (Doc. 8, p. 8). Petitioner's Rule 59(e) motion does not address the fact this Court is constrained by the Seventh Circuit's previous decision. Instead, he merely re-alleges the factual circumstances surrounding the underlying search warrants. Thus, he has not presented grounds warranting reconsideration of the Court's denial.

### b. Ground Two

Petitioner's second claim alleged prejudice as the Court denied his request for a *Franks* hearing. Similarly to ground one, the Court did not review petitioner's grievance, as it was previously rejected by the Seventh Circuit. Once

again, petitioner instantly does not address the reason for the Court's previous denial. His recitation of his version of the facts underlying the search warrants does not warrant reconsideration of this Court's decision.

### c. Ground Three

Petitioner's ground three alleged the government unfairly increased his punishment, as a prior conviction for which he was successfully discharged from probation formed the basis of an enhancement under 21 U.S.C. § 851. The Court noted petitioner's claim was procedurally defaulted, as he did not raise it on direct appeal. Alternatively, his claim was meritless pursuant to *United States v. McAllister,* 29 F.3d 1180, 1184-85 (7th Cir. 1994). Petitioner's Rule 59(e) motion does not present a reason to reconsider this conclusion.

### d. Ground Four

Petitioner's fourth claim alleged ineffective assistance of counsel for his trial counsel's failure to request a court reporter's presence during in-chambers' meetings. The Court rejected petitioner's contention finding his trial counsel's performance in this regard was not objectively unreasonable and further that any alleged error had not resulted in prejudice, due to the considerable evidence of petitioner's guilt. Again, as petitioner merely re-alleges his arguments previously rejected, he has not offered a reason to reconsider the Court's previous conclusion.

### e. Ground Five

Petitioner next challenged the sufficiency of the evidence upon which the jury found he participated in the alleged conspiracy. Again, the Court noted petitioner's claim was procedurally defaulted, as he did not raise it on direct appeal. Alternatively, it was meritless due to the considerable evidence of petitioner's involvement in the alleged conspiracy. Instantly, petitioner alleges his counsel was ineffective for not raising his claim on direct appeal. To the extent petitioner raises arguments not before the Court initially, this does not warrant relief under Rule 59(e). *See Moro,* 91 F.3d at 876. Further, as the Court has previously discussed the frivolous nature of petitioner's claim, his counsel was clearly not ineffective for failing to raise it as a basis of appeal. Thus, petitioner has not offered grounds warranting reconsideration of this Court's previous finding.

### f. Ground Six

Petitioner's sixth claim for relief alleged ineffective assistance of counsel for failure to take witness depositions and call or impeach certain prosecution witnesses. In its Order of denial, the Court addressed and discussed each of petitioner's alleged grievances. The Court refuses to regurgitate its reasoning instantly. Suffice it to say, as petitioner merely re-states and expands upon his dismissed claims, he has not offered grounds warranting reconsideration of the Court's conclusion.

### g. Ground Seven

Petitioner's seventh claim again cited juror misconduct as warranting relief. He stated the Court did not properly probe the issue of juror misconduct. However, the Seventh Circuit previously held the Court did not abuse its discretion in its handling of the juror misconduct issue. Thus, the Court refused to review petitioner's claim. Again, petitioner chooses to ignore the Seventh Circuit's binding decision on this matter, instead re-stating the factual basis of his rejected argument. Thus, petitioner does not offer circumstances warranting reconsideration of this Court's judgment. Accordingly, as petitioner has not presented a manifest error of law or newly discovered evidence, *Cosgrove*, 150 F.3d at 732, but merely, "rehash[es] previously rejected arguments," *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996), the Court **DENIES** his Rule 59(e) motion (Doc. 10).

### IV. CERTIFICATE OF APPEALABILITY

Further, because the Court is issuing a final order, it will also deny a certificate of appealability as to the motion for reconsideration under Rule 59(e). A certificate of appealability is required before a habeas petitioner may appeal an unfavorable decision to the Seventh Circuit Court of Appeals. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b). The Court denies a certificate of appealability, as reasonable jurists would not debate that the denials of both petitioner's Section 2255 motion and his instant motion to reconsider are proper. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (stating, "a habeas prisoner must make a substantial showing of

the denial of a constitutional right, a demonstration that, . . . reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further") (citation and quotation marks omitted). Thus, for the reasons stated above, in addition to the reasons recited in this Court's denial of petitioner's Section 2255 motion, the Court **DENIES** a certificate of appealability as to the Court's instant denial of petitioner's motion to reconsider.

## V. CONCLUSION

**IT IS ORDERED** that petitioner's motion to reconsider is **DENIED** (Doc. 10). Further, the Court also **DENIES** a certificate of appealability as to the motion for reconsideration.

**IT IS SO ORDERED.**

Signed this 11th day of December, 2012.

Digitally signed by David R. Herndon
Date: 2012.12.11 09:20:56 -06'00'

**Chief Judge**
**United States District Judge**